The plaintiff alleged and offered evidence tending to show that he was employed by the defendant as a laborer in logging operations; that the logs were pulled out of the woods by a skidder; that he was instructed to unfasten the cable from the end of a log and that, while attempting to do so, the skidder was suddenly started without notice, causing the log to be jerked with such force as to swing it to one side, striking the plaintiff and producing serious and permanent injury.
The defendant denied the allegations of negligence, and alleged that, while it owned the skidder, the plaintiff was an employee of one James, an independent contractor for whose negligence, if any, the defendant was not liable. The defendant further pleaded contributory negligence.
The jury found that James, who employed the defendant, was not an independent contractor, and that plaintiff was injured by the negligence of defendant and did not by negligence contribute to his own injury, and assessed the damages at $500.
From judgment upon the verdict, the defendant appealed.
There is no exception to evidence introduced at the trial; neither is there any exception to the charge of the court. Indeed, the charge does not appear in the record, and therefore it is presumed that the trial judge charged correctly upon all the issues. There was sufficient evidence to be submitted to the jury, and the verdict is determinative of the rights of the parties.
Affirmed.